UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

STATE OF WEST VIRGINIA ex rel.
DARRELL V. MCGRAW, JR.,
Attorney General,

        Plaintiff,

v.

ELI LILLY & COMPANY

        Defendant.

-----------------------------------------------------------x

MEMORANDUM & ORDER

06-CV-5826

JACK B. WEINSTEIN, Senior United States District Judge:

## I. Introduction

Plaintiff filed this action in the Circuit Court of Mason County, West Virginia, on February 28, 2006, seeking injunctive relief, restitution, and other pecuniary relief for the cost of past and future medical care incurred by the state based on alleged wrongful conduct by defendant Eli Lilly & Company ("Lilly"). The complaint asserted claims arising under West Virginia statutory and common law, including claims for: (1) violation of the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-1-101, *et seq.*, (2) fraud and abuse in the state's Medicaid Program, W. Va. Code § 9-7-1, *et seq.*, and (3) common law fraudulent misrepresentation.

The case was removed to the United States District Court for the Southern District of West Virginia by Lilly on April 21, 2006. It was transferred to this district on October 18, 2006 by the Judicial Panel on Multidistrict Litigation. In its notice of removal, defendant alleged that plaintiff's state law claims raised a substantial issue of federal law and therefore conferred federal question jurisdiction under 28 U.S.C. § 1331, or, in the alternative, that plaintiff's claims

1



were preempted by federal law. Plaintiff filed a motion for remand to state court on February 7, 2008. Oral arguments were heard on March 5, 2007. The court denied the motion for remand, finding that the suit posed substantial and disputed federal issues sufficient to confer federal jurisdiction. *West Virginia ex rel. McGraw v. Eli Lilly & Co.*, 476 F. Supp. 2d 230 (E.D.N.Y. 2007). On June 20, 2008, the parties entered into a stipulation for dismissal of some claims. *See* Stipulation for Partial Dismissal with Prejudice, Docket Entry ("D.E.") No. 41. This stipulation provided that two of the three counts in plaintiff's complaint are dismissed in their entirety, with prejudice. The dismissed counts were based on Lilly's alleged violations relating to West Virginia's statute on fraud and abuse in the Medicaid Program, W. Va. Code § 9-7-1, *et seq.* (count II), and common law fraudulent misrepresentation (count III). Only plaintiff's claims based on the West Virginia Consumer Credit and Protection Act remain.

The parties have engaged in extensive discovery before Magistrate Judge Roanne L. Mann. *See* 3/31/08 Order, D.E. No. 20. Magistrate Judge Mann recently issued a memorandum and order addressing plaintiff's motion on a number of discovery issues. *See* 7/31/08 Memorandum and Order, D.E. No. 69. Plaintiff filed objections to the discovery order, and the parties were heard before this court. The court affirmed Magistrate Judge Mann's order on discovery. *See* 9/10/08 Order, D.E. No 90. In addition to stating its objections on discovery, plaintiff again requested that the case be remanded to state court. Plaintiff argues that, with the dismissal of counts II and III, only purely state statutory claims related to Lilly's conduct remain and the state court or transferor federal court in West Virginia should therefore preside over all remaining discovery.

**II. Law**

A. Federal Question Jurisdiction

2

Defendants may remove from state court to federal court "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(a). The Supreme Court has affirmed "the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mf'g.*, 545 U.S. 308, 312 (2005). Federal question jurisdiction lies over claims that may sound in state law but implicate significant federal issues. *Id.*; *see also Hopkins v. Walker*, 244 U.S. 486, 490-91 (1917); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921).

Where a district court has properly exercised federal question jurisdiction, the court may continue to exercise supplemental jurisdiction over state law claims, even after dismissal of federal claims or those claims that gave the court original jurisdiction. *Parker v. Della Rocco*, 252 F.3d 663, 665-66 (2d Cir. 2001); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) (finding that a "district court may, at its discretion, exercise supplemental jurisdiction over state law claims even where it has dismissed all claims over which it had original jurisdiction, [even though] it cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction"). The district court must weigh "values of judicial economy, convenience, fairness, and comity" as they pertain to "every stage of the litigation." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, (1988). The doctrine is one of flexibility, "designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id.*

3

As this court has previously found, uniformity in treating claims brought in this multi-district litigation matter is desirable. *See In re Zyprexa Prods. Liab. Litig.*, 238 F.R.D. 539, 541-42 (E.D.N.Y. 2006).

### B. West Virginia Consumer Credit and Protection Act

The West Virginia Consumer Credit and Protection Act ("the Act") was enacted to "complement the body of federal law governing unfair competition and unfair, deceptive and fraudulent acts or practices in order to protect the public and foster fair and honest competition." W. Va. Code § 46A-1-101(1); *see also Clendenin Lumber & Supply Co. v. Carpenter*, 305 S.E.2d 332, 336 n. 4 (W. Va. 1983) (noting that the Act is a "hybrid of the Uniform Consumer Credit Code and the National Consumer Act and some sections from [] West Virginia law"). The West Virginia state legislature explicitly provided that, in interpreting and applying the Act, "the courts [should] be guided by the interpretation given by the federal courts to the various federal statutes dealing with the same or similar matters." W. Va. Code § 46A-1-101(1).

## III. Application of Law to Facts

The court has previously determined that it retained original jurisdiction over West Virginia's claim against Lilly. *West Virginia ex rel. McGraw*, 476 F. Supp. 2d 230. With the stipulated dismissal of counts II and III, the court may continue to exercise supplemental jurisdiction if it deems appropriate. *See Parker v. Della Rocco*, 252 F.3d at 665-66; *Carnegie-Mellon Univ.*, 484 U.S. at 350.

Many states with claims against Lilly involving alleged unfair, deceptive, and fraudulent acts related to Zyprexa are engaged in multi-district litigation in this court. A degree of national uniformity is desirable as these states' claims proceed. The multi-litigation proceedings in this court serve to promote this goal of uniformity

It is entirely reasonable for the court to exercise its discretion to retain jurisdiction during discovery, particularly when the discovery process has been ongoing and proves extremely complex. Magistrate Judge Mann has been fairly and diligently overseeing discovery in this case for approximately six months. She has proven capable of appropriately modifying the discovery process given that West Virginia's claims vary from those of other states engaged in the present litigation. *See* 9/18/08 Case Management Order No. 4(B), D.E. No. 96, at 1, n.1 (finding that because West Virginia has narrowed its claims, it is the only state now entitled to a protective order regarding Lilly's discovery of medical records of West Virginia Medicaid patients). She remains well positioned to oversee the remaining discovery, ensuring that there is adequate consistency and fairness through the discovery process.

The court's decision to deny plaintiff's motion for remand is further supported by the nature of the remaining claims against Lilly. While the claims are based on West Virginia state law, that law is explicitly related to federal laws governing unfair, deceptive, and fraudulent acts. W. Va. Code § 46A-1-101(1). A federal or state court interpreting and applying West Virginia's Consumer Credit and Protection Act must necessarily look to federal statutes and federal court decisions in its analysis. *Id.* Plaintiff's argument that remand to the state court or transferor federal court in West Virginia is required based on these remaining claims is unpersuasive.

As this court has previously stated, exercise of federal jurisdiction over this action will not attract "a horde of original filings and removal cases raising other state claims with embedded federal issues." *Grable* 545 U.S. at 318. This case does not pose any threat that a finding of continued jurisdiction would lead to a significant rise in the caseload of the federal courts. *Id.* A careful assessment of judicial economy, convenience, fairness, and comity favors a finding of continued jurisdiction by this court. *See Carnegie-Mellon Univ.*, 484 U.S. at 350.

## IV. Conclusion

The motion to remand is denied. West Virginia's suit continues to include statutory claims that can be appropriately interpreted by this district court. Even with the dismissal of the federal Medicaid-based claims, the court's assessment based on values of judicial economy, convenience, fairness, and comity regarding plaintiff's motion to remand leads it to exercise its discretion to retain supplemental jurisdiction at this stage of the litigation.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: September 26, 2008
Brooklyn, N.Y.

6